## IN RE THE ESTATE OF ALINA.

### Appeal from Circuit Judge, First Circuit.

Submitted October 9, 1901.      Decided October 12, 1901.

Galbraith and Perry, JJ., and Gilbert F. Little, Circuit

Judge, in place of Frear, C.J., absent.

Where the amount of commissions due an administrator have been definitely settled by decision of this court and the cause is remanded to Circuit Judge for "such further proceedings as may be necessary in conformity with the foregoing views," it is error for the Circuit Judge to allow an attorney's fee to the attorney of the legatees and make the same a charge against the administrator's commissions.

### OPINION OF THE COURT BY GALBRAITH, J.

This is an appeal from an order of a Circuit Judge of the First Circuit, in Probate, allowing to the attorney of the legatees, an attorney's fee of $40.00 and charging the same against the commissions allowed to the administrator. This is the second time this cause has been before this court. The decision in the first appeal may be found, *ante* pp. 388 to 391. A statement of the facts is set out on page 389 Id.

In the decision on the first appeal the court stated its conclusion as follows: "Under all of the circumstances of the case,

# IN RE ESTATE OF ALINA. 631

we think that justice to the legatees and to the administrator requires a disallowance out of the latter's commissions of the sum of $50.00 and no more." (Id. p. 391), and the cause was remanded "for such further proceedings as may be necessary in conformity with the foregoing views." (Id.).

No question was raised or presented during the trial of the case or pending the first appeal regarding the allowance of attorney's fees. The amount of the administrator's commissions was definitely determined by the former decision of this court. The cause was remanded with directions to take "such further proceedings as may be necessary in conformity with the foregoing views."

When the Circuit Judge charged this attorney's fee against the commissions of the administrator he reduced such commissions in the amount of said fee and to this extent the "proceedings" had were not "in conformity with" the mandate of this court but were in direct conflict with it.

Assuming that the contention of counsel is correct that the Circuit Judge had the power to allow the attorney's fee in this case, it is clear that the application for the allowance of the fee came too late. It was not made until after the issues had been settled and tried and the administrator had prosecuted a successful appeal and the cause had been remanded. The allowance cannot be sustained on the ground that the administrator was at fault in prosecuting the appeal. Whatever may have been his laches in the discharge of his duties as administrator he was strictly within his rights in prosecuting the appeal. His contention in the main were sustained by the court and he ought not to be mulcted in costs for being right.

The order appealed from is reversed and the cause is remanded for such further proceedings as may be necessary.

*Magoon & Thompson* for administrator.

*W. W. Thayer* for legatees.